HENRY J. BARR, appellant,

*v.*

JOHN S. VOORHEES and THEODORE B. BOORAEM, respondents.

1. In proceedings in chancery in aid of an unsatisfied judgment and execution (*Gen. Stat. p. 389 §§ 88–94*), an interlocutory order for discovery should specify the place for defendant's appearance.

2. In such proceedings an interlocutory order forbidding payment or transfer by or to a judgment debtor can only be supported by allegations of a specific debt or trust proved by oath.

3. An order containing such a prohibition is appealable.

This appeal is taken by a defendant to a bill in chancery from the following order made *ex parte* upon the filing of the bill:

"It appearing to the court that the said complainants have filed their bill of complaint herein, setting forth that they are the owners of a judgment recovered against the defendant, Henry J. Barr, in the inferior court of common pleas of the county of Middlesex, and that an execution against the property of the said defendant has been issued thereon and returned wholly unsatisfied, leaving an amount remaining due exceeding one hundred dollars, exclusive of costs, and praying the aid of this court in the premises; and upon reading the said bill, verified according to law:

"It is on this twelfth day of December, eighteen hundred and ninety-six, ordered that the said defendant appear and make discovery, on oath, concerning his property and things in action, before James H. Van Cleef, Esquire, one of the masters of this court, on the seventeenth day of December, instant, at the hour of ten o'clock in the forenoon, and the said Henry J. Barr is hereby restrained from transferring any property, money, or thing in action belonging to him or held in trust for him, except where such trust has proceeded from some person other than the said defendant, and except such property as is now reserved by law, until the further order of the court in the premises."

36

Barr *v.* Voorhees.

The only verification of the bill was as follows:

"John S. Voorhees and Theodore B. Booraem, the above-named complainants, being each duly sworn according to law, on their several and respective oaths say that they have read the foregoing bill of complaint, and that the matters and things therein contained, so far as they relate to their own acts, are true, and, so far as they relate to the acts of others, they believe them to be true."

*Mr. Alan H. Strong,* for the appellant.

*Mr. John S. Voorhees,* for the respondents.

The opinion of the court was delivered by

COLLINS, J.

The order appealed from can find no support elsewhere than in those provisions of the Chancery act that authorize proceedings in aid of unsatisfied judgments at law. They are sections 88 to 94, *Gen. Stat. p. 389.* That statute will not sustain the order.

The direction to appear and make discovery is void, because no place is specified for that purpose as required by section 90. It is argued that the order may be helped by the *subpœna ad testificandum* authorized for witnesses under section 92, but we hold otherwise. The express provision as to a defendant excludes any inference, by construction, that he *is* a witness. There is sound reason for the requirement that the order shall name time and place for the defendant's appearance. The court, and not the complainant, should decide what is reasonable in that regard. A complainant ought not to have the power arbitrarily to compel the defendant to travel to a distant part of the state. Witnesses may safely be left to ordinary subjection to subpœna.

The prohibition of transfer of property is unwarranted. Such a prohibition under the statute cannot be general, but must be directed to a specific debt or trust pointed out in the bill and proved by oath to exist. Verification on belief is sufficient

for an order for discovery, but not for an order forbidding transfer or payment.

Whether an order simply requiring a defendant's appearance for discovery is appealable, we do not decide.

The order appealed from must be wholly reversed.

*For reversal*—THE CHIEF-JUSTICE, COLLINS, DEPUE, DIXON, GARRISON, LIPPINCOTT, LUDLOW, VAN SYCKEL, BARKALOW, DAYTON, HENDRICKSON, NIXON—12.

*For affirmance*—None.